UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AMAZON.COM, INC., FULFILLMENT
CENTER FAIR LABOR STANDARDS ACT (FLSA)
AND WAGE AND HOUR LITIGATION                    MDL No. 2504

TRANSFER ORDER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in one District of Nevada action (*Busk*) move for centralization of this litigation in the District of Nevada. This litigation currently consists of five actions pending in three districts, as listed on Schedule A. Since the filing of the motion, the parties have notified the Panel of five related actions pending in four other districts.[1] Additionally, one action on the motion (*Allison*) was transferred under Section 1404 from the Western District of Washington to the Middle District of Tennessee. The cases in this litigation primarily involve allegations that Amazon.com and various staffing agencies violate federal and state wage and hour laws by requiring workers at Amazon.com warehouse "fulfillment centers" to pass through lengthy anti-theft security screening after clocking out at the end of their shifts, without compensation for that time.

Centralization is supported by plaintiffs in three other actions on the motion – *Vance* and *Johnson* in the Western District of Kentucky and *Davis* in the Middle District of Tennessee – and plaintiffs in the five potential tag-along actions, though they request the Middle District of Tennessee. Plaintiffs in the *Allison* action oppose centralization and, alternatively, support selection of the Middle District of Tennessee. All defendants oppose centralization.[2] Alternatively, the Amazon.com defendants, SMX, LLC, and Kelly Services, Inc., suggest selection of the Western District of Kentucky or the Middle District of Tennessee.

In opposing centralization, defendants contend that case-specific facts concerning the staffing agencies' alleged joint-employer relationship with Amazon.com and the duration of the security

---

[*] Judges John G. Heyburn II, Paul J. Barbadoro, and Lewis A. Kaplan took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] The defendants are Amazon.com, Inc.; Amazon.com.DEDC, Inc.; Amazon.com.DEDC, LLC; Amazon.com.KYDC, Inc.; Amazon.com.KYDC, LLC; Amazon.com. AZDC, LLC; Zappos.com, Inc., Zappos Fulfillment Centers, Inc.; and AF Operations LLC, Inc. (collectively, "the Amazon.com defendants"); Integrity Staffing Solutions, Inc.; SMX, LLC; and Kelly Services, Inc.

screening at each facility will make centralization inefficient. They further contend, with the agreement of the *Allison* plaintiffs, that informal coordination is sufficient to address any overlapping issues because the number of actions and involved counsel is limited. In response, movants argue that the same corporate-wide Amazon.com practices and types of employees are at issue in all actions and, absent centralization, there is a significant risk of inconsistent rulings on FLSA collective action certification. Movants also emphasize that there are overlapping proposed state classes under Rule 23 for the state wage and hour claims.[3]

On balance, the Panel concludes that centralization is warranted. Given the overlap in the FLSA collective action certification issues and the Rule 23 proposed classes, the litigation will benefit from management in a single venue. Though opposing centralization, Amazon.com agrees that having a single FLSA certification proceeding is appropriate, and no defendant disputes that point. There may be some site-specific facts in any given action, but transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer.[4]

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of allegations that hourly-paid employees at Amazon.com warehouse "fulfillment centers" are entitled to compensation for time spent in anti-theft security screening at the end of their shifts under federal or state wage and hour laws. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (on FLSA certification and other matters); and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Western District of Kentucky is an appropriate transferee district for this litigation. The Amazon.com defendants, Kelly Services, and SMX have suggested that a Kentucky venue is appropriate, noting that 10 of the 54 facilities at issue are located in Kentucky and many facilities are located in nearby states. Additionally, two actions are pending in this district. Judge John G. Heyburn II is an experienced transferee judge with the willingness and ability to efficiently manage this litigation. He is well-versed in multidistrict litigation, and we are confident he will steer this matter on a prudent course.

---

[3] Two actions on the motion propose an Arizona class of Amazon.com employees; three actions propose various Kentucky classes; and two actions propose a Pennsylvania class. Additionally, the potential tag-along actions propose overlapping state classes.

[4] Unlike the wage and hour dockets in which the Panel has denied centralization, the duties of the employees at issue in this litigation do not appear to be subject to significant local variances. *See In re Foot Locker, Inc. Fair Labor Standards Act (FLSA) and Wage and Hour Litig.*, 787 F. Supp. 2d 1364, 1365 (J.P.M.L. 2011) (centralizing actions in which compensation practices were "corporate-wide and uniformly applied," and distinguishing dockets where employee duties varied).

- 3 -

    IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Kentucky are transferred to the Western District of Kentucky and, with the consent of that court, assigned to the Honorable John G. Heyburn II for coordinated or consolidated pretrial proceedings.

                              PANEL ON MULTIDISTRICT LITIGATION

                              _____
                              Marjorie O. Rendell
                              Acting Chairman

Charles R. Breyer          Sarah S. Vance
Ellen Segal Huvelle

IN RE: AMAZON.COM, INC., FULFILLMENT
CENTER FAIR LABOR STANDARDS ACT (FLSA)
AND WAGE AND HOUR LITIGATION                                   MDL No. 2504

## SCHEDULE A

### Western District of Kentucky

Kay Johnson, et al. v. Amazon.com, Inc., et al., C.A. No. 1:13-00153
Tina Vance, et al. v. Amazon.com, Inc., et al., C.A. No. 3:13-00765

### District of Nevada

Jesse Busk, et al. v. Integrity Staffing Solutions, Inc., et al., C.A. No. 2:10-01854

### Middle District of Tennessee

Mary Davis v. Amazon.com, Inc., et al., C.A. No. 3:13-01091
Willetha Allison, et al. v. Amazon.com, Inc., et al., C.A. No. 3:14-00308